**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-3135

_____

MARIA DEL ROSARIO HERNANDEZ,
on behalf of herself and all others similarly situated

v.

MICROBILT CORPORATION,
                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:21-cv-04238)
District Judge: Honorable Freda L. Wolfson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 13, 2023

Before: JORDAN, BIBAS, and PORTER, *Circuit Judges*

(Filed: December 5, 2023)

Angelo A. Stio, III
Troutman Pepper
301 Carnegie Center
Suite 400
Princeton, NJ 08543
    *Counsel for Appellant*

Lauren K.W. Brennan
James A. Francis
John Soumilas
Francis Mailman Soumilas
1600 Market Street
Suite 2510
Philadelphia, PA 19103
    *Counsel for Appellee*

---

OPINION OF THE COURT

---

PORTER, *Circuit Judge*.

    MicroBilt Corporation seeks to compel Maria Del Rosario Hernandez to arbitrate her claims under the Federal Arbitration Act. 9 U.S.C. § 4. But Hernandez has fully complied with MicroBilt's arbitration provision, which allows her to pursue her claims in court. We therefore lack the authority to compel arbitration.

I

Hernandez applied for a loan in 2020. The lender relied on a MicroBilt product—an Instant Bank Verification report—to verify Hernandez's identity and bank account information. But the report included the information of other individuals sharing Hernandez's name, one of whom was on a government watch list. The lender denied Hernandez's application based on this inaccurate information.

Hernandez filed a lawsuit claiming that MicroBilt violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* MicroBilt moved to compel arbitration because while applying for the loan Hernandez consented to MicroBilt's terms and conditions, including an arbitration provision. Three clauses of this arbitration provision are especially relevant.

First, the provision contains what MicroBilt dubs an "Exclusive Resolution" clause. Opening Br. 8. "[Y]ou agree that any dispute or claim arising out of or relating in any way to your use of this Website and the products and services available hereunder, must be resolved exclusively by binding arbitration." J.A. 148.

Second, the provision incorporates the rules of a third-party arbitration organization. "The arbitration will be conducted before a single arbitrator in accordance with the rules of the American Arbitration Association ('AAA')." *Id.*

And third, the provision limits the damages and costs that consumers may recover in arbitration: "Each party is responsible for its own attorneys' fees," and "punitive and consequential damages" are not recoverable. *Id.*

Hernandez voluntarily dismissed her complaint and submitted her claims to the AAA for arbitration. The AAA

notified MicroBilt that its agreement with Hernandez was a "consumer agreement," so the AAA's Consumer Arbitration Rules applied. J.A. 30.

Under Consumer Rule 1(a), "[w]hen parties have provided for the AAA's rules . . . as part of their consumer agreement," as Hernandez and MicroBilt have, "they shall be deemed to have agreed that . . . AAA administration of the consumer arbitration shall be an essential term of their consumer agreement." J.A. 57. Under Rule 1(b), the AAA's administrative duties "may be carried out through such of the AAA's representatives as it may direct," not only arbitrators. J.A. 58. And Rule 1(d) addresses the AAA's power to decide whether to administer a dispute:

> The AAA administers consumer disputes that meet the due process standards contained in the Consumer Due Process Protocol and the Consumer Arbitration Rules. The AAA will accept cases after the AAA reviews the parties' arbitration agreement and if the AAA determines the agreement substantially and materially complies with the due process standards of these Rules and the Consumer Due Process Protocol. *Should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.*

*Id.* (emphasis added).

Applying these rules, the AAA notified MicroBilt that its arbitration provision included "a material or substantial deviation from the Consumer Rules and/or Protocol." Opening Br. 9–10 (quoting J.A. 150). It found that the provision's dam-

4

ages limitation conflicted with Principle 14 of the Consumer Due Process Protocol, which requires that an "arbitrator should be empowered to grant whatever relief would be available in court under law or in equity." J.A. 122. The AAA stated that it would decline to administer the arbitration under Rule 1(d) if MicroBilt did not waive the damages limitation.

MicroBilt contacted the AAA to object to this administrative decision and learned that an AAA administrator, not an arbitrator, had demanded the waiver. MicroBilt sought review of the administrator's decision before an arbitrator, but the AAA refused. After months passed and MicroBilt did not waive the damages limitation, the AAA declined to administer the arbitration under Rule 1(d).

MicroBilt asked Hernandez to submit her claims to a different arbitrator. But she refused, requesting a hearing before the District Court. She concluded that she "must now pursue her claims in Court" because the AAA dismissed the case under Rule 1(d). J.A. 26. The District Court reinstated Hernandez's complaint and granted MicroBilt leave to move to compel arbitration under 9 U.S.C. § 4. MicroBilt filed its motion, and the District Court denied it.

MicroBilt appealed.

II[1]

Before compelling arbitration under § 4, we "must determine that (1) there is an agreement to arbitrate and (2) the

---

[1] The District Court had jurisdiction over Hernandez's Fair Credit Reporting Act claims under 28 U.S.C. § 1331. It denied a motion to compel arbitration, so we have jurisdiction over

dispute at issue falls within the scope of that agreement." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 523 (3d Cir. 2019). The parties agree that both conditions are met in this case: A valid arbitration provision covers Hernandez's claims.

But our inquiry does not end there. We may compel arbitration only where there is a "failure, neglect, or refusal . . . to arbitrate under a written agreement." 9 U.S.C. § 4. There must be a "failure to comply" with MicroBilt's arbitration provision, including the rules that it incorporates by reference. *Id.*

The District Court correctly denied MicroBilt's motion to compel because Hernandez fully complied with MicroBilt's arbitration provision. Under Consumer Rule 1(d), which the provision incorporates, the AAA exercised its power to decline to administer the arbitration. Consumer Rule 1(b) permits AAA administrators to exercise this power, not only arbitrators. And after an administrator exercised this power, Hernandez was permitted to "submit [her] dispute to [an] appropriate court for resolution." J.A. 58. Because Hernandez did not "fail[] to comply" with the arbitration provision, we lack authority under § 4 to compel arbitration.

MicroBilt seeks to dodge this straightforward reading of the arbitration provision with a barrage of arguments, including that: (1) the AAA administrator improperly resolved an "arbitrability" issue that should have been resolved by an arbitrator; (2) the provision's Exclusive Resolution clause conflicts with

---

MicroBilt's appeal under 9 U.S.C. § 16(a)(1)(B). Our review of the order denying MicroBilt's motion to compel arbitration is plenary. *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 159 (3d Cir. 2009).

Hernandez's return to court; and (3) the AAA's application of the Consumer Due Process Protocol was unreasonable. None of these arguments succeeds.

A

The AAA declined to administer Hernandez's claims after finding that MicroBilt's arbitration provision did not comply with its "due process standards." MicroBilt argues that this power should have been exercised by an arbitrator, not an administrator, because it raised "arbitrability" issues that were delegated exclusively to arbitrators. This argument fails because the provision allowed administrators to exercise this power and no arbitrability issues were raised.

Arbitration is a creature of contract, so the terms of MicroBilt's arbitration provision govern who, if anyone, was allowed to dismiss Hernandez's claims. Consumer Rule 1(d) allows "the AAA" to "decline to administer an arbitration." J.A. 58. And Rule 1(b) allows the "authority and duties of the AAA" to be "carried out through such of the AAA's representatives as it may direct," not just arbitrators. *Id.* Declining to administer an arbitration under Rule 1(d) is an "authority" of the AAA. *Id.* Thus, the AAA may "direct" administrators to "carr[y] out" its authority under Rule 1(d). *Id.* To this extent, MicroBilt's arbitration provision is consistent with an administrator declining to administer Hernandez's claims.[2]

MicroBilt argues that administrators may not exercise this power because it implicates "arbitrability" issues that the

---

[2] Because this authority is unambiguous, we do not address MicroBilt's alternative argument that it is ambiguous whether

provision delegates exclusively to arbitrators. Under Consumer Rule 14(a), which the provision incorporates, arbitrators "shall have the power to rule on . . . the *existence, scope, or validity* of" the provision. J.A. 65 (emphasis added). Courts have found that, solely by operation of Rule 14(a), these "arbitrability" issues fall exclusively to arbitrators. *See, e.g.*, *Ciccio v. SmileDirectClub, LLC*, 2 F.4th 577, 582 (6th Cir. 2021) ("By incorporating the AAA rules, the parties agreed that an arbitrator would decide gateway questions of arbitrability.").

But the administrator's decision to dismiss Hernandez's claims did not implicate the "existence, scope, or validity" of the arbitration provision, because Hernandez and MicroBilt agree on all three of these gateway issues. J.A. 65. They agree that a valid arbitration provision exists and covers Hernandez's claims. And they agree on the provision's scope: that it incorporates the AAA's Consumer Rules, including Rule 1(d), which empowers the AAA to apply the Consumer Due Process Protocol. *See* Resp. Br. 12 ("There is no dispute that the AAA's Consumer Rules and Consumer Due Process Protocol apply . . . .").

MicroBilt compares this case to *Ciccio*, where the Sixth Circuit held that an AAA administrator's application of Rule 1(d) violated an exclusive delegation to arbitrators. 2 F.4th at 582. But there, the parties disagreed over their arbitration agreement's scope—whether it incorporated the AAA's "Healthcare Policy Statement." *See id.* at 580. The administrator applied the Healthcare Policy Statement and declined to administer the case under Rule 1(d), thereby resolving an arbitrability issue. *Id.* at 582–83 ("[W]hether the Agreement incor-

---

an administrator could exercise Rule 1(d) power, such that an arbitrator must resolve this ambiguity.

porates the Healthcare Policy Statement is a gateway question of arbitrability . . . ."). Hernandez and MicroBilt, in contrast, do not disagree over the due process standards that apply under Rule 1(d). Their arbitration provision's scope was therefore undisputed for the purposes of the administrator's decision.

Hernandez and MicroBilt disagree over whether the provision's damages limitation violates the Consumer Due Process Protocol. But this concerns *how* the Protocol should be applied, not whether Rule 1(d) permits its application. *Compare Ciccio*, 2 F.4th at 582 ("On its face, this case is about whether the Agreement incorporates the Healthcare Policy Statement."). It therefore does not implicate the provision's scope. The parties agree that the provision's scope includes Rules 1(b) and 1(d), which empower the AAA to direct its administrators to apply the Protocol.

Ultimately, MicroBilt's definition of "arbitrability" is overbroad, covering "any decision that has the effect of preventing the arbitration from even occurring." Opening Br. 4. The arbitration provision delegates disputes over its existence, scope, and validity to arbitrators, but it permits administrators to apply the Protocol in declining to administer cases, even when the underlying claims are withheld from arbitrators. Categorizing *how* the Protocol applies—as opposed to *whether* it applies—as an arbitrability issue would effectively rewrite the provision. It would require arbitrators to exercise a power that the provision allows administrators to exercise. Because arbitration is a creature of contract, the parties were free to

allow administrators to exercise this power. And under § 4, we lack the authority to rewrite their agreement.

B

Next, MicroBilt argues that the arbitration provision's Exclusive Resolution clause conflicts with Hernandez's return to court. After all, the clause requires "that any dispute or claim . . . must be resolved *exclusively* by binding arbitration." J.A. 148 (emphasis added). Hernandez's return to court conflicts with this clause, according to MicroBilt, because it allows a court to "resolve[]" her claims, not an arbitrator. *Id.*

But the Exclusive Resolution clause and Hernandez's return do not conflict, because the parties agreed to arbitrate "in accordance" with the AAA's rules. J.A. 148. Hernandez has fully complied with those rules. First, she submitted a demand for arbitration to the AAA. The AAA exercised its power, under its rules, to decline to administer her case. Then she returned to court, as permitted by those same rules.

Several courts have allowed plaintiffs to return to court after administrative dismissals under Rule 1(d), despite general agreements to arbitrate. This suggests that the Exclusive Resolution clause does not conflict with Hernandez's return to court. In *Greco v. Uber Techs., Inc.*, for example, the parties agreed "that any dispute, claim or controversy . . . will be settled by binding arbitration." No. 4:20-cv-02698-YGR, 2020 U.S. Dist. LEXIS 161510, at *2 (N.D. Cal. Sept. 3, 2020) (internal quotation marks omitted). But the AAA declined to administer the plaintiff's claim because the defendant failed to pay its fees, and the plaintiff returned to court under Rule 1(d). *Id.* at *4. The court did not compel the plaintiff to return to arbitration, despite the parties' general agreement to arbitrate.

*Id.* at *12; *see also Waters v. Vroom Inc.*, No. 22-cv-1191 TWR (AGS), 2023 U.S. Dist. LEXIS 7252, at *1 (S.D. Cal. Jan. 13, 2023) (denying motion to compel and allowing the plaintiff to proceed in court, despite the parties' agreement to "resolve any and all disputes and claims" in arbitration); *Forby v. One Techs., LP*, 616 F. Supp. 3d 588, 591, 602 (N.D. Tex. 2022) (denying motion to compel after plaintiff returned to court under Rule 1(d), despite a general agreement that all claims would be "resolved" in arbitration).

The parties in each of these cases agreed that their disputes would be "resolved" or "settled" in arbitration. This did not conflict with the plaintiffs returning to court under Rule 1(d). Likewise, Hernandez and MicroBilt agreed to arbitrate in accordance with the AAA's rules, and those rules brought Hernandez back to court. Altogether, there is no conflict between the arbitration provision, including the Exclusive Resolution clause, and Hernandez's return to court.[3]

C

Ultimately, MicroBilt's real gripe is with the merits of the AAA's administrative decision. It argues that there is no conflict between the Consumer Due Process Protocol and the damages limitation in the arbitration provision. The District

---

[3] Because there is no conflict, we do not address MicroBilt's arguments that the Exclusive Resolution clause "supersede[s]" the AAA's administrative decision, Opening Br. 16, or that the clause must be "harmonized" with the AAA's rules such that Hernandez may be compelled to return to arbitration, *id.* at 33.

Court disagreed, finding that the AAA's determination was reasonable.

But MicroBilt does not explain how we have the authority to review the AAA's decision. Under Rule 1(d), Hernandez was permitted to return to court when "the AAA decline[d] to administer [the] arbitration," without qualification. J.A. 58. MicroBilt's arbitration provision, including the AAA rules that it incorporates, does not condition her return to court on the AAA's decision being correct, or even reasonable. That is the deal the parties struck. And under 9 U.S.C. § 4, we may compel arbitration only if Hernandez failed to comply with that deal. She did not. She fully complied. We therefore lack the authority to review the AAA's decision.

Similarly, MicroBilt misunderstands our authority in asking us, in the alternative, to sever the damages limitation from the arbitration provision. The provision includes a severability clause, but that clause is triggered only where the "provision is held to be invalid or otherwise unenforceable." J.A. 148. That condition was not satisfied in this case, because the AAA's decision did not turn on whether "any part of the contract is legally enforceable." J.A. 30. And even if the damages limitation were invalid, our authority under § 4 would not change. The plain terms of Rule 1(d) permitted Hernandez to return to court after the AAA dismissed her case, regardless of the damages limitation's validity.

* * * * *

For these reasons, we will affirm the District Court's order denying MicroBilt's motion to compel.